FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   MAY 18 2012   ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LONG ISLAND OFFICE

-------------------------------------------------------

MENDEL REIZES on behalf of himself and
all other similarly situated consumers

**SUMMONS ISSUED**

Plaintiff,

-against-

**CV-12 2525**

GC SERVICES LIMITED PARTNERSHIP

Defendant.

-------------------------------------------------------

### CLASS ACTION COMPLAINT

#### *Introduction*

AZRACK, M.

1.  Plaintiff Mendel Reizes seeks redress for the illegal practices of GC Services Limited

    Partnership in which they unlawfully engaged in the collection of consumer debts in

    violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.*

    ("FDCPA") and the Telephone Communications Privacy Act.

BRODIE, J.

#### *Parties*

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA.

4.  The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer

    debt.

5.  Upon information and belief, Defendant's principal place of business is located in

    Houston, Texas.

-1-

6.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Mendel Reizes

10.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.  On 242 occasions within the past year, Defendant made 242 calls to an unauthorized wireless number belonging to Plaintiff.

12.  Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine on numerous occasions.

13.  Upon information and belief Defendant used an auto dialer and or prerecorded messages when calling the Plaintiff.

14.  The callers failed to identify themselves as debt collectors attempting to collect a debt.

15.  Upon information and belief, the said messages were either pre-scripted or pre-recorded.

16.  Defendant has engaged in a pattern of leaving messages without disclosing that the

-2-

communication is from a debt collector.

17. The Defendant in addition, left prerecorded messages saying: "If this is Mendel Reizes please press 1 now. If this is not Mendel Reizes please press 2 now."

18. The callers failed to identify themselves as debt collectors attempting to collect a debt.

19. The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector which constitutes a deceptive practice.

20. On or about November 10, 2011, Nick Ammerman of G.C. Services Limited Partnership Oklahoma City called at 4:26PM and left a message with a third party, the Plaintiff's son in law.

21. The representative asked the third party to give me him a message that Nick Ammerman from GC Services in Oklahoma City called, and that he should please call back 405 621 8910".

22. Nick Ammerman called again on November 17, 2011 at 5:49PM and asked Mendel Reizes's on in law to give him a message that Nick Ammerman from GC Services in Oklahoma City called and that he should please call back 405 621 8988.

23. On November 25, 2011, Vonetta Harrison called 718 xxx xxxx and spoke to a relative of Mendel and asked to please give the message to the Plaintiff that Vonetta Harrison called regarding a personal business matter and that he should call 405 621 8910.

24. While a majority of the courts have ruled that under the FDCPA, a debt collector may not have a right to leave a message on a voicemail system and in fact, risks violating either §§ 1692d(6), 1692e(11) or 1692c(b) if it does so.  See e.g. Carman v. CBE Group,

Inc., 2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011). It is well settled that when

a debt collector contacts or reaches a third party and chooses to leave **any** message at

all to be conveyed to the debtor, such a communication being left with a third party will

in fact violate §§ 1692c(b),1692d(6), 1692e(11). See Krapf v. Collectors Training

Institute of Illinois, Inc, Dist. Court, WD New York 2010 (Holding that contact with a

third party that did not involve an inquiry into Plaintiff's location information but rather

left a message for the debtor was a violation of 1692(b), 1692(c)(b), and and 1692(d).

West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) (Section 1692(c)(b)

should be broadly interpreted to prohibit a debt collector, in connection with the

collection of any debt, from conveying any information relating to a debt to a third

party. The consumer's complaint alleging that the debt collector telephoned Plaintiff's

neighbor leaving collector's name and telephone number and asking the neighbor to

have consumer return the call, stated a claim for violation of § 1692c(b).) Romano v.

Williams & Fudge, Inc., 644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008

quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North

Carolina 1998 (a complaint alleging that debt collector telephoned plaintiff's neighbor

leaving collector's name and telephone number and asking the neighbor to have plaintiff

return call stated a claim for violation of Section 1692(c)(b). Thomas v. Consumer

Adjustment Co., Inc., 579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting

West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina

1998 (holding that § 1692(c)(b) does not prohibit only those third-party communications

in which some information about the debt is actually disclosed because that reading

-4-

would render § 1692(b) superfluous.) Blair v. Sherman Acquisition, Dist. Court, ND

Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court,

WD North Carolina 1998 (All provisions of the statute must be considered and each

term must be interpreted equally, so as not to deflect from the meaning of the statute.

Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force and §

1692(c)(b) should be broadly interpreted to prohibit a debt collector from conveying any

information to a third party that concerns a debt (except for the purpose of obtaining

location information as permitted under § 1692(b). Mathis v. Omnium Worldwide,

Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642

- Dist. Court, WD North Carolina 1998 ("'Other than to obtain location information, a

debt collector may not contact third persons such as a consumer's friends, neighbors,

relatives, or employer. Such contacts are not legitimate collection practices and result in

serious invasions of privacy, as well as the loss of jobs.'". West v. Nationwide Credit,

Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted

at 1977 U.S. Code & Admin. News 1695, 1699) Krapf v. Collectors Training Institute

of Illinois, Inc., Dist. Court, WD New York 2010 quoting West v. Nationwide Credit,

Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998) (contact with a third party that did not

involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff

had a "business matter." stated a claim under § 1692(c)(b) finding that the plaintiff's

allegation that the defendant contacted a third party to relay about a "very important"

matter regarding the plaintiff. Plaintiff sufficiently stated claims under §§ 1692(b),

1692(c)(b), and 1692(d).

-5-

And finally, the famous *Foti v. NCO* which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40 COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT COMMUNICATION. Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 - Dist. Court, SD New York 2006 - Judge Karas in *Foti* based their reasoning on West v. Nationwide Credit. In Judge Karas' own words in Foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The plaintiff in West alleged that defendants violated § 1692(c)(b) by contacting plaintiffs neighbor. Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate § 1692(c)(b) because no information was actually conveyed about plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. *Id.* at 644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." *Id.* (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995)). In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" *Id.* "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." *Id.* This conclusion

-6-

has been embraced by other courts as well in the context of applying § 1692(c)(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting defendant's argument that letter sent to employer seeking information about whether plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate § 1692(c)(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the § 1692(e)(11) disclosure requirement, and other provisions of the FDCPA that have a threshold "communication" requirement, merely by not conveying specific information about the debt. In fact, under Defendant's interpretation of "communication," a debt collector could call regularly after the thirty-day validation notice is sent, and not be subject to the § 1692(e)(11) requirement so long as the message did not convey specific information about the debt. Such a reading is inconsistent with 658*658 Congress's intent to protect consumers from "serious and widespread" debt collection abuses.) Krug v. Focus Receivables Mgmt., LLC, 2010 U.S. Dist. LEXIS 45850 (D.N.J. May 11, 2010) (same); Henderson v. Eaton, 2001 U.S. Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) and holding that under § 1692(c)(b), a debt collector

-7-

may not communicate with a third party "in connection with the collection of any debt" except to obtain location information as provided in § 1692(b). To violate § 1692(b), the third party communication need only be "in connection with the collection of a debt;" it need not expressly mention the debt or debt collection as "communication" includes conveying information about a debt "indirectly." 15 U.S.C. § 1692a(2).) Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002). (FDCPA class action certified); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) (Finding that a phone call to a debtor's neighbor that the defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the defendant's efforts to collect on plaintiff's alleged arrearage. Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824 (Finding that the messages left by the defendant constituted "communications" even though they did not technically mention any information about the debt and stated a claim under § 1692(c)(b) since it was not left for the purpose of obtaining location information which is the only permissible communication with third parties under the FDCPA, quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998); also quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (which found that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the

-8-

call).  Shand-Pistilli v. Professional Account Servs., Inc., 2010 WL 2978029 (E.D. Pa.

July 26, 2010) (The consumer adequately alleged that defendant contacted a third party

in violation of § 1692(c)(b) since the defendant's inquiry went beyond the boundaries of

location information.  A debt collector may not seek additional information about a

consumer because such information is beyond the scope of location information.)

Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010).  (A "communication"

need not refer to the debt.");  Edwards v. Niagra Credit Solutions, Inc., 586 F. Supp. 2d

1346, 1350-51 (N.D. Ga. 2008) (finding that the telephone message at issue, which

referenced an "important" matter, contained information regarding a file number and

whom to contact, and was left for the purpose of collecting the debt, indirectly conveyed

information concerning the debt and, therefore, met the statutory definition of a

"communication");  Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2d

1035, 1041 (N.D. Ill. 2008) (finding that the message was an indirect communication

regarding the plaintiff's debt where it conveyed pertinent information including the fact

that there was a matter he should attend to and instructions on how to do so);

Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005)

(finding that the messages left by the defendant constituted "communications" even

though they did not technically mention specific information about the debt);  Belin v.

Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4

(M.D. Fla. July 14, 2006) (finding that the message was a communication under the

FDCPA even though it was not disclosed that it came from a debt collector where the

name of the company was referenced, directions to return the call were given, and the

purpose of the message was to induce the debtor to return the call); Shaver v. Trauner, 97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998) (The only exception in the FDCPA which permits a debt collector to contact third parties is to obtain: "location information about the consumer." 15 U.S.C. § 1692(b). On its face, a communication to someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information." would be unlawful (class and adoption of denial of motion to dismiss), 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of motion to dismiss). Smith v. NCO Fin. Sys., 2009 U.S. Dist. LEXIS 51576 (E.D. Pa. June 12, 2009) (Holding that the FDCPA prohibits debt collectors from communicating with anyone other than the consumer and the only exception to this broad proscription is that debt collectors may, under Section 1692(b), communicate with persons "other than the consumer for the purpose of acquiring location information about the consumer." The FDCPA defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment". Contact with third parties, such as employers, for any other purpose is prohibited under the FDCPA. The court noted that the Defendants' contention that the FDCPA "does not prohibit all third party contact -- only disclosure of the debt to third parties" is an untenable position, unsupported by authority and clearly at odds with the plain language of the statute.)

25.   Said messages were in violation of 15 U.S.C. 1692 §§ 1692c(b) and 1692d for leaving messages with a third party.

26.   On or about November 3, 2011, November 12, 2011, November 30, 2011, December 8.

-10-

2011, January 12, 2012, January 31, 2012, a representative from GC Services Limited Partnership left messages for Plaintiff on a relative's voicemail.

27.     Said telephone messages are in violation of 15 U.S.C. § 1692c by improperly disclosing to an unauthorized third party that the plaintiff was receiving a communication from a debt collector.

The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692c(b) and 1692d.

28.     On or about November 17, 2011, November 22, 2011, November 28, 2011, December 19, 2011, December 23, 2011, January 5, 2012, January 9, 2012, January 17, 2012, January 23, 2012, January 24, 2012, the Defendant audaciously made a series of calls on the same day with the intent to annoy and/or harass the Plaintiff.

29.     On or about December 7, 2011, Defendant audaciously made 14 calls to the Plaintiff during the course of the day at the following times: 9:34am, 9:37, 9:58, 10:41, 12:12, 12:13, 12:25, 12:27, 12:41, 12:42, 12:49, 12:51, 12:57, and 12:59pm, with the intent to annoy and/or harass the Plaintiff.

30.     On or about December 12, 2011, Defendant audaciously made 12 calls to the Plaintiff during the course of the day at the following times: 4:24pm, 4:27, 4:46, 4:48, 4:54, 4:57, 5:14, 5:16, 5:28, 5:30, 5:47, 5:49pm, with the intent to annoy and/or harass the Plaintiff.

31.     On or about December 13, 2011, Defendant audaciously made 10 calls to the Plaintiff during the course of the day at the following times: 12:41pm, 12:43, 1:10, 1:13, 1:28, 1:30, 1:45, 1:54, 1:55, 2:04pm, with the intent to annoy and/or harass the Plaintiff.

32.     On or about December 14, 2011, Defendant audaciously made 12 calls to the Plaintiff

-11-

during the course of the day at the following times: 11:35am, 11:36, 11:49, 11:50, 12:01pm, 12:04, 12:13, 12:14, 12:21, 12:22, 12:29, 12:32pm, with the intent to annoy and/or harass the Plaintiff.

33.   On or about December 15, 2011, Defendant audaciously made 8 calls to the Plaintiff during the course of the day at the following times: 12:06pm, 12:08, 12:19, 12:20, 12:27, 12:29, 12:35, 12:37, with the intent to annoy and/or harass the Plaintiff.

34.   On or about December 16, 2011, Defendant audaciously made 10 calls to the Plaintiff during the course of the day at the following times: 11:31am, 11:33, 12:02, 12:05, 12:10, 12:11, 12:18, 12:19, 12:27, 12:29pm, with the intent to annoy and/or harass the Plaintiff.

35.   On or about December 20, 2011, Defendant audaciously made 9 calls to the Plaintiff during the course of the day at the following times: 12:18pm, 12:19, 12:38, 12:40, 12:53, 12:54, 1:07, 1:09, 1:29, with the intent to annoy and/or harass the Plaintiff.

36.   On or about December 22, 2011, Defendant audaciously made 10 calls to the Plaintiff during the course of the day at the following times: 4:21pm, 4:23, 4:59, 5:00, 5:27, 5:29, 5:57, 5:59, 6:23, and 6:26pm, with the intent to annoy and/or harass the Plaintiff.

37.   On or about December 28, 2011, Defendant audaciously made 10 calls to the Plaintiff during the course of the day at the following times: 12:25pm, 12:26, 12:35, 12:37, 12:46, 12:48, 1:59, 2:00, 2:11, and 2:13pm, with the intent to annoy and/or harass the Plaintiff.

38.   On or about January 6, 2012 Defendant audaciously made 8 calls to the Plaintiff during the course of the day at the following times: 10:21am, 10:24, 11:30, 11:32, 11:47, 11:49, 12:09, and12:24pm, with the intent to annoy and/or harass the Plaintiff.

39.     On or about January 10, 2012, Defendant audaciously made 7 calls to the Plaintiff
        during the course of one hour at the following times: 1:00pm, 1:02, 1:14, 1:15, 1:25,
        1:26, and 1:34pm, with the intent to annoy and/or harass the Plaintiff.

40.     On or about January 11, 2012, Defendant audaciously made 6 calls to the Plaintiff
        during the course of one hour at the following times: 11:30am, 11:32, 11:55, 11:56,
        12:06, and 12:09pm, with the intent to annoy and/or harass the Plaintiff.

41.     On or about January 12, 2012, Defendant audaciously made 8 calls to the Plaintiff
        during the course of one hour at the following times: 11:16am, 11:19, 11:25, 11:26,
        11:32, 11:34, 11:42, and 11:48am, with the intent to annoy and/or harass the Plaintiff.

42.     On or about January 6, 2012, Defendant audaciously made 13 calls to the Plaintiff
        during the course of the day at the following times: 12:51pm, 12:52, 1:07, 1:08, 1:19,
        1:20, 1:25, 1:28, 1:33, 1:39, 1:41, 5:48, and 5:49pm, with the intent to annoy and/or
        harass the Plaintiff.

43.     On or about January 18, 2012, Defendant audaciously made 14 calls to the Plaintiff
        during the course of one hour at the following times: 11:16am, 11:17, 11:23, 11:24,
        11:29, 11:31, 11:34, 11:36, 11:39, 11:40, 11:44, 11:45, 11:49, and 11:51pm, with the
        intent to annoy and/or harass the Plaintiff.

44.     On or about January 19, 2012, Defendant audaciously made 14 calls to the Plaintiff
        during the course of one hour at the following times: 11:27am, 11:30, 11:33, 11:35,
        11:39, 11:40, 11:45, 11:47, 11:50, 11:52, 11:57, 11:58, 12:02, and 12:04pm, with the
        intent to annoy and/or harass the Plaintiff.

45.     On or about January 20, 2012, Defendant audaciously made 16 calls to the Plaintiff

during the course of the day at the following times: 11:33am, 1:35, 11:41, 11:44, 11:47, 11:50, 11:53, 11:55, 11:58, 12:00, 12:03, 12:05, 12:09, 12:12, 1:44, and 1:46pm, with the intent to annoy and/or harass the Plaintiff.

46.   On or about February 3, 2012, Defendant audaciously made 14 calls to the Plaintiff during the course of the day at the following times: 11:21, 11:23, 11:33, 11:35, 12:28, 12:29, 12:36, 12:39, 2:23, 2:24, 2:30, 2:32, 2:40, and 2:41pm, with the intent to annoy and/or harass the Plaintiff.

47.   Defendant violated 1692(d) in general for harassment and abuse, and in particular 1692(d)(5) for causing a telephone to ring and/or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

48.   Defendant caused Plaintiff to incur charges for defendant's collection communications when Plaintiff had no reason to know the communication's purpose.

49.   Defendant was prohibited from placing a call that will cause a charge to Plaintiff without having notified plaintiff to expect it and without having announced its collection purpose.

50.   Defendant called Plaintiff's wireless phone number and Plaintiff was charged a toll on all those incoming calls.

51.   Plaintiff was not alerted to the calls beforehand.

52.   The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(5)."

53.   In the initial oral communication dated November 3, 2011, the same date that the

Defendant mailed out a collection letter, a representative of G.C. Services Limited Partnership left a message for the Plaintiff stating: "This message is for Mendel Reizes. This is Vanetta Harrison calling in regards to a very important personal business matter. I need you to return my call as soon as possible. I can be reached at 405-621-8910. Thank you".

54. The Defendant failed to disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

55. Said communication violated Section 1692e(11) in that the initial oral communication should have stated that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

56. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs 1-56 as if set forth fully in this cause of action.

57. This cause of action is brought on behalf of Plaintiff and the members of six classes.

58. Class A consists of all persons: (a) whom Defendant's records reflect resided within the State of New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to and including the date of the filing of this Complaint; (b) involving telephone messages which were placed without setting forth that the communication was from a debt collector; and (c) that the telephone messages were in violation of 15 U.S.C. 1692 §§ 1692e(10) and 1692e(11).

-15-

59.  Class B consists of all persons whom Defendant's records reflect resided in the state of New York and whose neighbor, or similar party or even someone other than a spouse within the debtor's home answered a telephone call from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone calls were placed to a the consumer's home or similar party seeking payment of a consumer debt by leaving a message with a third party directing the consumer to call the Defendant; and (c) that the telephone messages were in violation 15 U.S.C. 1692 §§ 1692c(b) and 1692d.

60.  Class C consists of all persons whom Defendant's records reflect resided in New York who received a telephonic message from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were left for the Plaintiff, on third party's voicemail, and that the telephone message was in violation of 15 U.S.C. 1692 §§ 1692c(b).

61.  Class D consists of all persons whom Defendant's records reflect resided in New York and were left telephonic messages from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed to a service where the consumer was charged for the calls, and (c) that the telephone messages were in violation 15 U.S.C. § 1692f(5).

62.  Class E consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of

-16-

a consumer debt; and (c) that the telephone message was the initial communication which was oral, wherein it failed to state the required language in violation of 15 U.S.C. §§ 1692e(11).

63. Class F consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed to a consumer seeking payment of a consumer debt; and (c) the Defendant intended to annoy and harass the Plaintiff in violation of 15 U.S.C. §§ 1692(d) and 1692(d)(5).

64. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a)    Based on the fact that a form collection letter and form telephonic messages and are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (b)    There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    (c)    The only individual issue involves the identification of the consumers who received such telephonic messages and collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

-17-

     (d)     The claims of the Plaintiff are typical of those of the class members.  All of the respective class claims are based on substantially similar facts and legal theories.

     (e)     The Plaintiff will fairly and adequately represent the class members' interests.  The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

65.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

66.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

67.     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

68.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

-18-

69.    Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff

and the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and

against the Defendant and award damages as follows:

(a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

And

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the

circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

### *Violations of the Telephone Consumer Protection Act brought by Plaintiff*

70.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs 1-8 as if

set forth fully in this Cause of Action.

71.    The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating 242 telephone calls to

the plaintiff's wireless telephone number using an artificial and/or pre-recorded voice to

deliver messages without having the consent of the plaintiff to leave such messages.

72.    Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically

the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded

messages that have been unleashed against plaintiff by defendant, also without having

included the proper name of the defendant or any name for that matter.

73.  There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiff has not consented to the use of the wireless telephone number at issue where the plaintiff was charged for each call.

74.  Each call is a separate violation and entitles plaintiff to statutory damages against defendant in the amount of $500.00 per call.

75.  Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

76.  All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.  Courts have found collection agencies have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. *(Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

77.  The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for

-20-

initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

78.    With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

79.    The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

80.    Defendant has repeatedly violated the TCPA by the calls made to plaintiff specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act.

### *Violations of the Telephone Communications Privacy Act*

81.    The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiffs as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

85. Because the defendant intentionally violated the TCPA, the Plaintiff is entitled to

damages in accordance with the TCPA namely $1500 for each call where the Defendant

failed to obtain prior consent from the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor

and against the defendant and award damages as follows:

      (a) Statutory damages provided under the TCPA and injunctive relief;

      (b) Any other relief that this Court deems appropriate and just under the

      circumstances.

Dated: Cedarhurst, New York
May 16, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

-23-